UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| MICHAEL MANUEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 1:11-cv-536-JMS-MJD |
| DAVID STENSON, | ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

The court's Entry of April 26, 2011, was perfectly clear in granting the plaintiff's request to proceed *in forma pauperis*, and in doing so ordering the plaintiff to pay the filing fee in two equal installments. The first such installment was to be paid not later than June 8, 2011, with the second installment to be paid not later than July 25, 2011. In a subsequent order, issued on June 17, 2011, the deadline for payment of the first installment was extended through July 25, 2011. The language of this latter order was the following: "The plaintiff[ ] . . . shall have an extension of time in which to pay the first payment of $175.00 toward the filing fee. He shall have **through July 25, 2011**, in which to make this payment to the clerk."(emphasis in original). In other words, the plaintiff was to pay the filing fee in equal installments of $175.00 by particular dates; the first such date was extended, but the second such date was not extended. There is no reason to have inferred from the order issued on June 17, 2011, that the plaintiff was relieved of the obligation to pay the second installment or that the deadline by which he was to have done so was modified, yet that is the assumption the plaintiff appears to have made. One installment of $175.00 was paid on July 26, 2011. The second installment was not paid by that date or ever.

There is another aspect of the Entry of April 26, 2011, to be noted in light of the plaintiff's post-judgment filing. Specifically, that Entry recites that the plaintiff was given a period of time in which to supplement his complaint "by identifying a plausible basis for the court₌s exercise of subject matter jurisdiction over his claim(s) against the defendant." He was to do so not later than June 8, 2011. The plaintiff did not do so and did not seek an extension of time in which to do so.

## II.

The circumstances described in Part I of this Entry were noted in the Entry dismissing this action without prejudice for lack of prosecution on November 4, 2011. The Judgment issued pursuant to that Entry was entered on the clerk's docket on November 4, 2011.

The Judgment just referenced was followed by the plaintiff's motion for rehearing.

Given the timing of the motion for reconsideration, and given the arguments set forth in the motion for rehearing, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). "Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011). "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

There was in this case no manifest error of law or fact. The motion for rehearing misstates the pertinent events and ignores the responsibilities properly and reasonably imposed on the plaintiff—responsibilities of which he had ample notice. Accordingly, the motion for rehearing, treated as a motion to alter or amend judgment [11], is **denied.**

**IT IS SO ORDERED.**

Date: 12/02/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Manuel
1180 Infirmary Rd.
Dayton, OH 45407